■ In the Matter of the Claim of SANTIAGO F. MASFERER, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 726] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 1992, which ruled, *inter alia,* that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant appeals a decision holding that he was ineligible to receive unemployment insurance benefits during a period when he performed work on behalf of the Latin American Cultural Association, Inc., a charitable organization devoted to improving the lives of South American artisans by creating a market for their craftwork. The record shows that claimant

and his wife established the organization in 1977 and incorporated it as a not-for-profit corporation in 1989. At the time of the hearing before an Administrative Law Judge, claimant was the president of the corporation and one of its seven directors. From the time of its opening in November 1989, claimant worked at the organization's retail outlet approximately 20 to 30 hours per week, both while claimant held a full-time job as a vocational instructor at a correctional facility and after he was laid off in March 1991. Claimant never received and had no expectation of receiving compensation for his services. Acknowledging the foregoing and adopting the finding that claimant devoted his time and efforts "solely in a charitable purpose", the Unemployment Insurance Appeal Board nonetheless found that because claimant might have chosen to be paid for his services, he was not totally unemployed.

There should be a reversal. In our view, there is no evidence in the record to support the Board's conclusion that it was within claimant's power to induce the corporation to pay him a salary. Although a not-for-profit corporation "may pay compensation in a reasonable amount to * * * directors, or officers for services rendered" (N-PCL 515 [b]), the corporation acts by a majority vote of its directors (N-PCL 701, 708) and not by the unilateral act of its president. The premise that claimant and his wife are the "driving force" behind the corporation and thus capable of influencing the votes of a majority of the directors is pure speculation. On remittal, the Board should consider the issue of whether voluntary service rendered to a charitable organization, without pay and without reasonable anticipation of future compensation or benefit, constitutes employment under the Labor Law (see, *Matter of Slayton [Roberts]*, 96 AD2d 1005; see also, *Matter of Martini [Hartnett]*, 170 AD2d 729; *Matter of Wilson [Roberts]*, 102 AD2d 556).

Weiss, P. J., Mikoll and Mahoney, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.