■ In the Matter of the Claim of STEPHEN LOFFREDO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 580] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was laid off from his job as director of restaurants at a hotel and filed a claim for unemployment insurance benefits on or about February 15, 1991. Thereafter, he received benefits totaling $6,720. The Board subsequently found that claimant's activities on behalf of a corporation partially owned by him and his wife rendered him ineligible to receive benefits because he was not totally unemployed. The Board further charged claimant with a recoverable overpayment of benefits and reduced his right to receive future benefits on the basis that he made willful false statements. Claimant now appeals.

Based upon our review of the record, we find that the Board's decision is supported by substantial evidence. Claimant testified at the hearing that, during the applicable period, he was vice-president of a corporation owned by himself, his wife and his father-in-law for the purpose of operating a restaurant. He stated that he and his wife jointly owned a percentage of the stock of the corporation. He further stated that he signed checks from the corporate checking account for purposes re-

lated to the business and he inspected the premises where the restaurant was to be located and interviewed architects who were to oversee the construction. He also stated that he signed the bond for the liquor license application. Claimant also admitted that he failed to disclose these activities to the local unemployment insurance office. In view of the foregoing, we find no reason to disturb the Board's decision (see, Matter of Loffredo [Sweeney], 231 AD2d 782).

Cardona, P. J., Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

