■ In the Matter of the Claim of THOMAS S. FERBER, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [650 NYS2d 443] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 4, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While collecting unemployment insurance benefits, claimant spent time at his father's automotive repair shop and, as the result of certain activities performed there by claimant, the Unemployment Insurance Appeal Board determined that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. The Board further charged claimant with a recoverable overpayment of benefits and reduced his right to receive future benefits upon the basis that he made willfully false statements. This appeal by claimant followed.

Although we recognize that whether a claimant is totally unemployed is a question of fact for the Board to resolve, the Board's resolution of that issue here simply is not supported by substantial evidence. The record establishes, at best, that during the relevant time period, claimant used his father's shop address as his mailing address, utilized his father's tools and

equipment to repair his car and his cousin's car, answered the telephone and signed receipts for automobile supplies, approximately one half of which were for use in his own vehicle. Claimant did not perform any repair work for his father, nor did claimant receive any compensation from him.

In this regard, although the Commissioner of Labor correctly notes that this Court has held unpaid activity performed by a claimant for a family business to be employment, there is no indication that claimant had any ownership interest in or benefited from his father's business, and the minimal activities performed by claimant are not sufficient to support the Board's finding that claimant was not totally unemployed (compare, Matter of Loffredo [Sweeney], 231 AD2d 799 [the claimant, as vice-president of a corporation partially owned by him, signed checks and interviewed architects]; Matter of Daloia [Sweeney], 231 AD2d 774 [the claimant ordered supplies, prepared estimates and maintained business records]; Matter of Mc-Keever [Hudacs], 187 AD2d 835 [the claimant signed for deliveries, accepted money for purchases and waited on customers at spouse's business]). Accordingly, the Board's decision must be reversed.

Mercure, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.