■ In the Matter of the Claim of ANTHONY J. FALCO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [667 NYS2d 499] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the president and 50% shareholder of a realty and mortgaging company until August 1989 when he sold his shares in the business to his father. Claimant thereafter managed the company for his father, who was retired and had no experience in the realty or mortgaging business, until claimant was laid off in November 1990. He was rehired in June 1991 and again laid off in November 1991 until July 1992, when claimant's father gave him back his shares in the company and he resumed his duties as the company's president. Although claimant divested himself of his interest in the company between 1990 and 1992, he remained a signatory to the business's checking account and, in fact, signed a number of business-related checks while collecting unemployment insurance benefits. Significantly, his father was never authorized to sign checks. The Unemployment Insurance Appeal Board ruled that claimant was an active participant in the family-run business and not totally unemployed, and charged him with a recoverable overpayment based on its finding that claimant had made wilful false statements to obtain benefits. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (*see, Matter of Di Maria v Ross*, 52 NY2d 771, 772) as well as its finding of willful misrepresentation (*see*, Labor Law § 597 [3]). Claimant's remaining arguments have been examined and found to be without merit.

Cardona, P. J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.