■ In the Matter of the Claim of DEBRA L. MASCIOPINTO, Appellant. COMMISSIONER OF LABOR, Respondent. [676 NYS2d 325] —Crew III, J. Appeal from a decision of the Unemployment In-

surance Appeal Board, filed March 17, 1997, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

In August 1990, claimant and her husband started a computer sales business, with $15,000 coming from claimant and $50,000 from the proceeds of a second mortgage placed upon their jointly owned home. Claimant served as secretary, treasurer and office manager for the business. Claimant testified that she resigned on October 28, 1993 due to a lack of work and relinquished her secretary/treasurer title. The Unemployment Insurance Appeal Board denied claimant's subsequent application for unemployment insurance benefits, finding that claimant was not totally unemployed. This appeal by claimant ensued.

We conclude that the record as a whole lacks substantial evidence to support the Board's conclusion that claimant was performing any corporate activities during the relevant time period (compare, Matter of Cumella [Careers Thru Educ.— Hudacs], 209 AD2d 747). Although claimant apparently retained authority to sign business checks until February 1994, her testimony that she did not perform any business-related activities after she resigned her position was uncontroverted. Specifically, as to claimant's check-signing authority, her spouse testified that claimant never signed checks for the business. While the Board was free to resolve credibility issues against claimant, its apparent disbelief of claimant's testimony regarding her resignation does not negate the complete lack of evidence in the record to support the conclusion that claimant performed any work or activities for the business during the applicable time period. In this regard, neither claimant's application for benefits, the business principal questionnaire she completed nor the 1993 tax returns, upon which the Board relied, contradict claimant's testimony that she performed no services for the business after October 1993. Accordingly, the Board's decision cannot stand.

Cardona, P. J., White and Peters, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

Whether or not claimant remained an officer and sole shareholder of the corporation she formed with her husband presented a question of fact for the Unemployment Insurance Appeal Board to resolve, and its determination of this question, including inherent credibility issues, must be upheld if supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771; Matter of Falco [Sweeney], 246 AD2d 711).

In my view, the record amply supports the Board's finding

that as of November 19, 1993, the date claimant applied for unemployment insurance benefits, her association with the corporation continued and she was therefore not totally unemployed. She remained a signatory on the corporation's bank account until February 1994. Her 1993 Federal schedule K-1 ("Shareholder's Share of Income, Credits, Deductions, etc."), prepared by certified public accountants, listed claimant as a 100% stockholder of the corporation for the year 1993 and reflects a deductible business loss of $19,236, which she was entitled to carry over to her 1993 personal income tax return. Claimant did not submit copies of her actual 1993 income tax returns and the Board declined to credit the penciled copies she submitted at the hearing. She had invested $65,000 in the corporation, $15,000 of her own funds and the balance in the form of proceeds from a mortgage upon property she owned jointly with her husband. No records were produced to establish that the $15,000 loan had in fact been repaid. The Board cited conflicting evidence as to the actual dates of claimant's last day of work and her resignation as an officer of the corporation, and declined to credit undated, unauthenticated documents produced at the hearing because of her failure to produce them during the initial investigation.

Accordingly, I would affirm the Board's decision as supported by substantial evidence.

Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.