■ In the Matter of the Claim of MARK T. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 410] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Due to an injury, claimant was placed on light-duty work for six months at the same rate of pay he had been receiving as a saw operator. When claimant could not tell the employer when he would be able to return to regular duty, the employer informed him that he could continue his employment at a prevailing wage consistent with the type of light-duty work he was performing, which was $2.75 per hour less than he had previously earned on regular duty, or be laid off. Claimant chose to be laid off. Thereafter, while receiving benefits, claimant performed odd jobs a couple of days a week at a friend's body shop. In return, the owner loaned claimant $600 with the understanding that he could repay it by helping out at the shop. Substantial evidence supports the Unemployment Insurance Appeal Board's decision finding that claimant left his employment without good cause. It has previously been held that dissatisfaction with one's wages does not constitute good cause for leaving employment (*see, Matter of King [Sweeney]*, 243 AD2d 802; *Matter of Heller [Sweeney]*, 240 AD2d 791). Furthermore, inasmuch as the record establishes that claimant worked at a friend's garage during the period he was receiving benefits, substantial evidence also supports the Board's finding that claimant was not totally unemployed during this time since the activities he performed for the body shop fall within the broad statutory definition of "employment" (*see*, Labor Law § 511 (1) (a); § 522; *compare, Matter of Ferber [Sweeney]*, 233 AD2d 823). While claimant denies that he quit his job or performed any employment activities during the period he received benefits, this presented a credibility issue for resolution by the Board (*see, Matter of Andriano [Hudacs]*, 195 AD2d

731). In view of the foregoing, and given the fact that claimant did not state on any of his certifications that he was working at the body shop even though he had been advised of his obligation to do so, we find no reason to disturb the Board's assessment of a recoverable overpayment.

Mikoll, J. P., White, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.