■ In the Matter of the Claim of WILLIAM R. DOMES, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 178] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1997, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant challenges the decision of the Unemployment Insurance Appeal Board which ruled that he was ineligible to receive unemployment insurance benefits because he was a principal in his wife's landscaping and tree farm businesses. While we recognize that the determination of whether a claimant is totally unemployed is a factual question for the Board to resolve (*see, Matter of Ferber [Sweeney]*, 233 AD2d 823), there nevertheless must be substantial evidence in the record to support such a conclusion. We conclude that the record as a whole lacks substantial evidence to support the Board's conclusion that claimant was a principal in his wife's businesses and was not totally unemployed during the period in question. Claimant was seasonally employed by his wife's landscaping business as a foreman and laborer, and provided services for his wife's tree farming business which claimant had owned prior to declaring bankruptcy. It is undisputed that claimant's wife was the owner, sole shareholder and signatory on the corporate checking account, and made all final business decisions. The fact that claimant had extensive experience and knowledge in landscaping and tree farming, having owned similar businesses in the past, does not render claimant a principal in his wife's business, notwithstanding the fact that claimant's loan from one of his wife's companies was discharged in bankruptcy and that he occasionally rented his equipment to the landscaping business. Moreover, the record establishes that claimant's wife

was an experienced businesswoman with a background in engineering who had previously owned a landscaping business and that her present landscaping business was certified by the Federal and State governments to be a women-owned business enterprise. Inasmuch as there is no indication that claimant had any ownership interest in the businesses beyond mere speculation, we conclude that there is insufficient evidence to support the Board's conclusion that claimant was not totally unemployed (*compare*, *id*.; *Matter of Masferer [Hudacs]*, 197 AD2d 763).

Mikoll, J. P., White, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.