■ In the Matter of the Claim of Silvia Y. Vargas, Appellant. Commissioner of Labor, Respondent. [687 NYS2d 778] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that, *inter alia*, claimant was ineligible to receive benefits because she was not totally unemployed and she made willful false statements to obtain benefits. According to a statement signed by Wendy Barr, a friend of claimant who was operating a business from Colorado, claimant utilized Barr's branch office and equipment in Manhattan to conduct a job search in exchange for performing

various office tasks for Barr's business, such as picking up the mail, checking the answering machine and facsimile messages, and forwarding any important information to her in Colorado. The record reveals that Barr initially dispersed a facsimile on behalf of her business, without claimant's knowledge or approval, informing clients of claimant's affiliation with the newly-opened office in Manhattan; however, Barr testified that she later issued a verbal retraction to some of her clients. Claimant ultimately began working for Barr as a salesperson on a commission basis.

While claimant and Barr testified at the hearing that claimant was not required to perform any services in exchange for the use of the office, it was within the Board's province to credit Barr's signed statement over the testimony presented at the hearing (*see, Matter of McEwen [Commissioner of Labor]*, 249 AD2d 672). Although claimant asserts that any tasks performed were minimal and were done out of "friendship", whether such activities constitute employment is a factual question for the Board to decide (*see, Matter of Domes [Commissioner of Labor]*, 254 AD2d 602). Under the circumstances presented here, we find no reason to disturb the Board's finding that claimant was not totally unemployed (*see generally, Matter of Smith [Commissioner of Labor]*, 253 AD2d 961; *Matter of Flanagan [Sweeney]*, 232 AD2d 710, 711), notwithstanding the fact that claimant received no remuneration.

Finally, given claimant's failure to report her activities to the local unemployment insurance office when certifying for benefits despite having received and read the unemployment insurance information booklet which explained that even minor "favors" for friends could be considered employment, substantial evidence supports the Board's decision that claimant made willful false statements (*see, Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672, 673).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.