■ In the Matter of the Claim of KATHERINE N. KINGSLEY-AGURKIS, Appellant. COMMISSIONER OF LABOR, Respondent. [709 NYS2d 666] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1999, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was seasonally employed as a tax examiner by the Internal Revenue Service since 1992. Claimant filed a claim for unemployment insurance benefits effective September 1995, September 1996 and September 1997, with additional claims

effective July 1996, July 1997 and November 1997. These periods represented claimant's seasonal discharge from her employment. Prior to 1996, there were two representatives at claimant's workplace who sold cosmetic products through a catalog. When both representatives moved out of State, claimant voluntarily opened an account with this cosmetic company so that she and other co-workers or her family members could continue purchasing such products. Claimant would write a personal check reflecting the total order approximately every two weeks, as required by the company. When the orders arrived, claimant would then be reimbursed by her co-workers or friends. Claimant chose to sell the products at cost, electing to earn no profit on the sales. When claimant filed for unemployment insurance benefits, she failed to report her involvement with the cosmetics firm and also denied being engaged in activities that could result in income.

Substantial evidence supports the Unemployment Insurance Appeal Board's finding that claimant was not totally unemployed during the time she was receiving unemployment insurance benefits. "The Board's determination of what constitutes 'total unemployment' under the Labor Law is entitled to great deference and must be upheld if it is rational" (*Matter of Rappaport [Town of Mamaroneck—Hartnett]*, 144 AD2d 141, 142, *lv denied* 74 NY2d 616 [citations omitted]). Here, the Board could rationally conclude that claimant's activities involving the selling of cosmetic products constituted employment. It is well settled that "financial gain from employment is not a prerequisite in determining whether an applicant is entitled to unemployment benefits" (*see, Matter of Arnold [Roberts]*, 104 AD2d 685). The fact that claimant voluntarily chose not to make a profit from her activities does not affect this conclusion (*see, Matter of Smith [Ross]*, 78 AD2d 961). Although claimant asserts that any tasks performed were minimal, whether such activities constitute employment is a factual question for the Board to decide (*see, Matter of Vargas [Commissioner of Labor]*, 260 AD2d 790).

Furthermore, inasmuch as claimant did not disclose that she worked for a cosmetics company in a capacity that could result in income, we find no reason to disturb the Board's ruling that claimant made willful false statements to obtain benefits (*see, Matter of Drevins [Commissioner of Labor]*, 254 AD2d 677; *Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672). Claimant's remaining contentions have been reviewed and are found unpersuasive.

Mercure, J. P., Peters, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.