■ In the Matter of the Claim of ROHANIE RAMDEO, Appellant. COMMISSIONER OF LABOR, Respondent. [721 NYS2d 428] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 2000, which ruled, *inter alia*, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant challenges a decision of the Unemployment Insurance Appeal Board finding that she was ineligible to receive unemployment insurance benefits because she was not totally unemployed. Although we recognize that whether a claimant is totally unemployed is a question of fact for the Board to resolve, there nevertheless must be substantial evidence in the record to support such a conclusion (*see, Matter of Domes [Commissioner of Labor]*, 254 AD2d 602; *Matter of Ferber [Sweeney]*, 233 AD2d 823). Claimant explained that upon moving into a residential apartment complex with her family, her husband performed the superintendent duties for the complex, however, the monthly checks for the services were issued in her name given her husband's status as an illegal alien and lack of Social Security number. When claimant's husband left, the checks continued in claimant's name, however, it was her eldest teenaged son who performed the superintendent work, with occasional assistance from her other teenaged boys.

Although it is within the Board's discretion to resolve issues of credibility (*see, Matter of Masciopinto [Commissioner of La-*

*bor]*, 252 AD2d 891), the unrefuted evidence establishes that claimant performed no duties on behalf of the apartment complex. Significantly, the managing agent of the apartment complex averred that claimant performs no services, superintendent or otherwise, on behalf of the apartment complex and that, while the checks are paid to claimant, all superintendent services are performed by claimant's son. Accordingly, we conclude that there is insufficient evidence to support the decision that claimant was not totally unemployed (*see generally*, *id.*).

Peters, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.