■ In the Matter of the Claim of MARK A. O'BRIEN, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 280] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 20, 2000, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While collecting unemployment insurance benefits, claimant established a body repair business to service school buses and named his teenage sons as officers and shareholders. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits based upon the numerous services that he performed on behalf of the family-owned corporation. We affirm. The record establishes that although claimant did not receive any remuneration, he transported his sons to the company premises, received instructions from the bus company owner, supervised his sons' work and prepared and submitted invoices for payment. In addition, claimant purchased equipment for the business and was reimbursed by the company for such expenses. Under these circumstances, substantial evidence supports the Board's decision that claimant was not totally unemployed (*see, Matter of Bourdeau [Commissioner of Labor]*, 258 AD2d 798; *Matter of Kaganovich [Commissioner of Labor]*, 254 AD2d 670). Furthermore, inasmuch as claimant certified that he performed no work either in employment or self employment and he failed to disclose his activities on behalf of the corporation to the local unemployment insurance office, we find no reason to disturb the Board's finding which charged claimant with a recoverable overpayment of benefits (*see*, Labor Law § 597 [4]). Claimant's remaining contention has been reviewed and found to be without merit.

Mercure, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.