■ In the Matter of the Claim of MICHAEL E. LEWIS, Appellant. COMMISSIONER OF LABOR, Respondent. [736 NYS2d 754] —Mercure, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2000, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant challenges a decision of the Unemployment Insurance Appeal Board finding that he was ineligible to receive benefits, effective May 27, 1996 through March 24, 1997, because he was not totally unemployed, charging him with an overpayment of $6,075 in benefits recoverable pursuant to Labor Law § 597 (4), and reducing claimant's right to receive future benefits by 168 effective days on the basis of its finding that he had made willful misrepresentations to obtain benefits. Significantly, the Board's determination is premised solely on its conclusion that claimant was a "de facto principal" of Arrow Electric, a business owned by his wife.

---

At most, the record supports findings that (1) business contacts of claimant provided the original impetus for the formation of Arrow Electric and were, in fact, the source of the three contracts performed by the business, (2) Arrow Electric was originally funded by a home equity loan on the residence owned jointly by claimant and his wife and business income and deductions were reflected on their joint income tax returns, and (3) during periods when claimant was working for Arrow Electric and not receiving unemployment insurance benefits, claimant filled out the body of some business checks and he and another electrician prepared job bids, performed the electrical work called for in contracts, and ordered materials and sometimes picked them up and transported them to the job site. Given the undisputed evidence that the certificate of doing business for Arrow Electric was solely in the name of claimant's wife, that she was the only one authorized to sign business checks and that she took care of the bookkeeping and banking and answered the telephone, and in the absence of evidence that claimant performed any services for the business during the periods for which he received unemployment benefits, we conclude that the Board's determination is unsupported by substantial evidence in the record as a whole (*see, Matter of Masciopinto [Commissioner of Labor]*, 252 AD2d 891; *Matter of Ferber [Sweeney]*, 233 AD2d 823; *see also, Matter of Ramdeo [Commissioner of Labor]*, 281 AD2d 738). The cases relied upon by the Board for a contrary result are inapposite (*cf., Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815 [the claimant was a signatory to a business checking account and signed a number of business-related checks while collecting unemployment insurance benefits]; *Matter of Murak [Sweeney]*, 244 AD2d 751 [after filing for unemployment insurance benefits, the claimant filed a certificate of doing business as a consultant, had business cards and stationery printed, joined professional organizations and attended business-related gatherings]; *Matter of Chordas [Hudacs]*, 207 AD2d 937 [the claimant generated invoices to customers on days for which he certified that he was not working]).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.