Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 2002, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant’s activities on behalf of a friend’s business—which consisted of taking pictures of items, listing them with an Internet auction company, monitoring their status, collecting payments and shipping the item to the buyer—rendered claimant not totally unemployed (see Matter of Kingsley-Agurkis [Commissioner of Labor], 273 AD2d 597, 598 [2000]; Matter of Vargas [Commissioner of Labor], 260 AD2d 790, 791 [1999]). Although claimant asserts that the activities were done as a favor for a friend, it is within the purview of the Board to determine if such activities constitute employment (see Matter of Vargas [Commissioner of Labor], supra at 791). Furthermore, inasmuch as claimant failed to abide by the directives in the unemployment insurance information handbook that advised that all work performed for family, friends or an employer must be reported when certifying for *784 benefits regardless of the amount of time or lack of remuneration, we find no reason to disturb the Board’s assessment of a recoverable overpayment of benefits (see Matter of O’Brien [Commissioner of Labor], 288 AD2d 580, 580 [2001], lv denied 98 NY2d 608 [2002]; Matter of Kingsley-Agurkis [Commissioner of Labor], supra at 598).
Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.