■ In the Matter of the Claim of ANN M. EARLY, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 681]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits from December 17, 2001 through January 17, 2002, because she was not totally unemployed.

Claimant, an office manager for a corporation, was listed in

the minutes of a corporate resolution as its vice-president. Claimant worked in the corporation's New York City office until December 14, 2001. She began receiving unemployment insurance benefits on December 17, 2001. In certifying for benefits, claimant failed to disclose her continuing status as a corporate vice-president, as well as the services she continued to perform on behalf of the corporation. The record reveals that claimant remained a signatory on the corporate checking account, signed several checks in January 2002, met twice with the corporation's bookkeeper and dealt with numerous pieces of corporate mail that had been forwarded to her residence.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was ineligible for benefits from December 17, 2001 through January 17, 2002, because she was not totally unemployed. This Court has held that a claimant who is an officer in a corporation, particularly a claimant who continues to perform services for the corporation, is not totally unemployed within the meaning of the Labor Law, even if the corporation's business is dormant and the services performed on its behalf are minimal or unprofitable (see Matter of Sichel [Commissioner of Labor], 301 AD2d 771, 772 [2003]; Matter of DiPietro [Commissioner of Labor], 250 AD2d 916 [1998]).

In addition, substantial evidence supports the Board's finding that claimant made willful false statements to obtain benefits, resulting in the assessment of a recoverable overpayment and the loss of benefit days. Claimant's failure to disclose her continuing corporate status and performance of services when certifying for benefits, despite her receipt of the unemployment insurance handbook which clearly explains the reporting requirements, supports the finding that she made willful false statements on her application for benefits (see Matter of Schenker [Commissioner of Labor], 284 AD2d 765, 766 [2001]). As the Board's decision is supported by the requisite substantial evidence, it will not be disturbed.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.