■ In the Matter of STEVEN S. MOUNNARAT, Appellant. COMMISSIONER OF LABOR, Respondent. [775 NYS2d 380]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 2002, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After he was laid off from his employment with an optical company, claimant received unemployment insurance benefits from November 5, 2001 until March 3, 2002. He thereafter accepted a position with Jamko Technical Solutions. When it was discovered that claimant had performed services for Jamko during the period that he was receiving benefits, the Department of Labor issued two initial determinations which, among other things, found claimant ineligible to receive benefits and charged him with a recoverable overpayment. These determinations were subsequently overruled by an Administrative Law Judge. The Unemployment Insurance Appeal Board, however, reversed the Administrative Law Judge's decision and upheld the initial determinations. Claimant now appeals.

Based upon our review of the record, we find that substantial evidence supports the Board's decision. Michael James, Jamko's founder, testified that claimant informed him in November 2001 that he had lost his job and was looking for work. He stated that, thereafter, claimant assisted him at his office in setting up a computer, connecting to the Internet, loading software and sending photographs. He indicated that claimant spent between 15 and 20 hours per week at the office using the computer. He

further stated that, although he did not compensate claimant for any of these services, he took claimant to an all expenses paid trade show in Tennessee in February 2002. After the trade show, James hired claimant as a salesperson.

Notwithstanding claimant's assertion that he felt obligated to perform computer-related activities for Jamko because James permitted him to use the computer to search for a job, it is within the Board's province to determine whether such activities constitute employment (*see Matter of Lynch [Commissioner of Labor]*, 1 AD3d 783, 783 [2003]; *Matter of Vargas [Commissioner of Labor]*, 260 AD2d 790, 791 [1999]). In view of the fact that such activities resulted in claimant obtaining a job, the Board's conclusion that claimant's services for Jamko constituted employment was rational. Moreover, given that claimant was provided with an informational handbook advising him of the need to report any work-related activities, no matter how minimal, and that claimant failed to do so when certifying for benefits during the time period in question, we find no reason to disturb the Board's determination that he made willful misrepresentations and is liable for a recoverable overpayment of benefits (*see Matter of Early [Commissioner of Labor]*, 2 AD3d 950, 951 [2003]; *Matter of Petrillo [Commissioner of Labor]*, 2 AD3d 948, 949 [2003]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.