■ In the Matter of JONATHAN J. FOWLER, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 614]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2002, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a golf pro, began operating a golf shop at the Oswego Country Club in 1995. He started the business as a sole proprietorship, but transferred ownership to his wife in 1999. Claimant gave lessons as a golf pro between the months of April and October, and was active in the golf shop business during this time. He maintained, however, that he did no work for the business between the months of November and March, which was the off season. In 1999, 2000 and 2001, claimant applied for unemployment insurance benefits during the off season and received benefits totaling $16,003.25. Thereafter, the Department of Labor issued initial determinations finding, among other things, that claimant was ineligible to receive benefits during the time periods at issue and charging him with a recoverable overpayment. Following a hearing, an Administrative Law Judge sustained these determinations and his decision was affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.

We disagree and reverse. While the issue of whether claimant was totally unemployed is a factual one for determination by the Board, it must nevertheless be supported by substantial evidence in the record (*see Matter of Domes [Commissioner of Labor]*, 254 AD2d 602 [1998]). We conclude that this record, viewed in its entirety, lacks substantial evidence that claimant was employed in any manner in his wife's business during the off season. Claimant's uncontradicted testimony, his wife's uncontradicted testimony and the documentary evidence establish that claimant's wife filed a certificate of doing business as a sole proprietor, that the business bank account was in her name alone, that she filed a Schedule C as a sole proprietor with their income tax returns, that the liability insurance was in her name and that the New York sales tax authority certificate was issued in her name. Moreover, both claimant and his wife testified that she kept the profits from the business and that he performed no work for the business in any way from November 1 to March 31 in each of the years in question.

The only scintilla of evidence that in any way supports the Board's decision is that part of claimant's prehearing statement, taken by an unemployment insurance investigator, in which claimant stated that he keeps the profits from the pro shop. We note that this statement was made in the context of describing his in-season activity, both claimant and his wife testified that the statement was inaccurate and, most importantly, it does not contradict the record testimony that claimant is not employed in his wife's business during the off season. Thus, with respect to the dispositive issue, no inconsistency exists for Board resolution (cf. *Matter of Jensen [Levine]*, 49 AD2d 794 [1975]). Lastly, this case is distinguishable from *Matter of Gorman (Commissioner of Labor)* (288 AD2d 597 [2001]) because the golf pro in that case was the sole proprietor of the pro shop business and he continued to perform certain business-related duties during the off season.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.