■ In the Matter of the Claim of KAY SUWCZINSKY, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 722]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Because substantial evidence supports the Unemployment Insurance Appeal Board's decision, we affirm. Claimant admitted that she held an undisclosed part-time sales position in a jewelry store while she was receiving unemployment insurance benefits and, therefore, her own testimony establishes that she was not totally unemployed within the meaning of the Labor Law (*see* Labor Law § 522). Moreover, regardless of whether she resigned because she was advised that her position would be eliminated or because she was dissatisfied with her supervisor's criticism, neither constitutes good cause for leaving employment (*see Matter of DeCarlo [Commissioner of Labor]*, 6 AD3d 1003 [2004]; *Matter of Tanico [Sweeney]*, 242 AD2d 769 [1997]). Finally, claimant's failure to report her part-time position or resignation to the Department of Labor, even though she was provided with an unemployment insurance handbook indicating that she was

required to report all work, amounts to a willful misrepresentation justifying the Board's imposition of a recoverable overpayment (*see Matter of Mounnarat [Commissioner of Labor]*, 6 AD3d 852 [2004]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.