■ In the Matter of the Claim of MICHAEL PETOSA, Appellant. COMMISSIONER OF LABOR, Respondent. (Claim No. 1.) In the Matter of the Claim of ERIC PETOSA, Appellant. COMMISSIONER OF LABOR, Respondent. (Claim No. 2.) [804 NYS2d 487]—

Kane, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 2, 2004, which, inter alia, ruled that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.

Claimants challenge decisions of the Unemployment Insurance Appeal Board finding that they were ineligible to receive benefits because they were not totally unemployed, charging them with recoverable overpayments of benefits and reducing their right to receive future earnings based upon findings that they made willful misrepresentations to obtain benefits. Specifically, the Board found that claimants were the true principals of Evergreen Mountain Contracting, Inc. (hereinafter EMC) and they stood to gain financially from the continued operation of this business, even during the off season. Whether a claimant is totally unemployed is a factual question for the Board to resolve (*see Matter of Fowler [Commissioner of Labor]*, 6 AD3d 905, 906 [2004]; *Matter of Ferber [Sweeney]*, 233 AD2d 823 [1996]), but that determination must be supported by substantial evidence (*see Matter of Domes [Commissioner of Labor]*, 254 AD2d 602 [1998]).

Although Jeannette Petosa (hereinafter Petosa) incorporated EMC and has always been its sole shareholder, the record contains sufficient evidence to support the Board's determination regarding claimants' involvement with that business. Petosa began EMC after claimants' prior construction business went bankrupt, and in an effort to take advantage of opportunities available to woman-owned businesses. Petosa is listed as the sole corporate officer on papers filed with the Department of State, but claimants—Petosa's husband and brother-in-law—signed a corporate resolution affirming that they were officers, permitting them to become signatories on the corporate check-

ing account. Claimants attributed the need for authority to sign checks to the delivery of supplies to the job site, but they continued to sign numerous checks while collecting unemployment benefits. Claimant Eric Petosa testified that he needed Petosa's permission to sign checks over $1,000, but claimant Michael Petosa did not testify to such limitations and in fact signed over $100,000 worth of checks. Michael Petosa's signature also appeared as the bidder on a bid document, despite testimony that he had no authority or responsibility related to the bidding process. Under these circumstances, the record supports the Board's determination that claimants were de facto principals of the family-run business and continued to do work for that business, thus they were not entitled to unemployment benefits (*see Matter of Falco [Sweeney]*, 246 AD2d 711, 711 [1998], *lv denied* 92 NY2d 815 [1998]; *compare Matter of Lewis [Commissioner of Labor]*, 290 AD2d 782, 783 [2002]; *Matter of Masciopinto [Commissioner of Labor]*, 252 AD2d 891, 892 [1998]).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.