■ In the Matter of the Claim of Sally E. Alexander, Appellant. Commissioner of Labor, Respondent. [846 NYS2d 449]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 2007, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

As the result of claimant's activities at a real estate agency operated by her sister and brother-in-law, the Unemployment Insurance Appeal Board found that she was ineligible to receive unemployment insurance benefits during a portion of the benefit period because she was not totally unemployed and had made willful misrepresentations to obtain those benefits. While we acknowledge that it is within the Board's province to determine whether a claimant's unpaid activities for a business constitute employment (*see e.g. Matter of Mounnarat [Commissioner of Labor]*, 6 AD3d 852, 853 [2004]), there nevertheless must be substantial evidence in the record to support such a conclusion (*see Matter of Domes [Commissioner of Labor]*, 254 AD2d 602, 602 [1998]; *Matter of Ferber [Sweeney]*, 233 AD2d 823, 823-824 [1996]).

Here, the record shows that, during the relevant time period, claimant was permitted to use a business computer to aid in her job search while she helped her sister and brother-in-law by answering the telephone, taking messages, making copies and faxing documents. There is no evidence that she was paid for her activities or received any other benefit. Since claimant performed minimal activities for her relatives and neither received compensation, exercised any official capacity in the business, nor subsequently became an employee of the business, this case is distinguishable from arguably similar cases where we have upheld the Board's determination (*see e.g. Matter of Mounnarat [Commissioner of Labor], supra*; *Matter of Vargas [Commissioner of Labor]*, 260 AD2d 790 [1999]). Accordingly, we agree with claimant that the evidence here is insufficient to support the Board's conclusion that she was not totally unemployed (*see Matter of Ferber [Sweeney]*, 233 AD2d at 824).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.