In the Matter of the Claim of PATRICIA DI LELLA (Lead Case), et al., Appellants. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, May 22, 1975

*Victor Feingold* for appellants.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed January 29, 1974, which held that claimants were not entitled to unemployment insurance benefits.

This appeal involves claimants who were employed as "outside" liquor and wine salesmen by wholesale distributors in New York City and the metropolitan area. Each employer maintained one place of business with executive and clerical offices and where all merchandise received from suppliers was stored, orders reported, processed, packaged and, in turn, delivered therefrom by trucks operating from the same location. A strike against these employers by drivers and helpers of Local 816 of the Teamsters Union and Clerks and Warehousemen of Local 1 of the Distillery Workers Union was called at the expiration of their collective bargaining contracts, effective November 1, 1972, and resulted in claimants' loss of employment. Picket lines were placed around the premises of each employer and no merchandise could thereafter be received, stored, orders taken therefor or delivered for the duration of the strike which was settled on December 13, 1972.

Claimants were members of Local 2 of the Liquor Salesmen's Union and Local 18 of the Wine Salesmen's Union, working under contracts with later terminal dates. They did not strike. In anticipation of the strike, each employer sent telegrams to its salesmen, including claimants, to the effect that operations would have to cease if the strike occurred and if it did materialize on November 1, 1972, they were not to report for work or call on trade. The board found that claimants were also notified that their unions had decided to honor the picket lines of the other unions and that they should not attempt to work. It determined that claimants lost their employment because of an industrial controversy in the establishment of the respective employer in which they were employed and suspended their benefit rights for seven weeks, effective November 2, 1972.

The sole issue presented on this appeal is whether there was substantial evidence to support the board's decision that claimants were employed in the same establishment as the striking union employees. Claimants contend that since they worked in the field soliciting orders, using their homes as a base for all office records, correspondence and calls, and performed no work at the employer's place of business, they were not employed in the same establishment as the striking employees and were, thus, entitled to unemployment insurance benefits. They rely on *Matter of Ferrara (Catherwood)* (10 NY2d 1) and *Matter of Sierant (Catherwood)* (24 NY2d 675). We do not agree. The *Ferrara* and *Sierant* cases are clearly distinguishable. The term "establishment", as used in the statute providing for suspension of benefits to employees who lose their employment because of a strike (Labor Law, § 592, subd 1), was defined in those cases as applying to the immediate geographic situs of the striking employees, rather than to the corporate enterprise. In both *Ferrara* and *Sierant* the determination of the Appeal Board that the strikers and claimants were employed in separate establishments was upheld. The court emphasized, however, that an appellate court must confirm the determination of the Appeal Board if it is supported by substantial evidence.

The record in the instant case reveals that all orders solicited by claimants were either phoned in by claimants or brought to the employer's place of business by them personally where they were processed and shipped out. The sales managers and supervisors under whose direction claimants operated were based at the employer's premises. Weekly draws and commission statements were prepared there and either mailed or handed to claimants. There is testimony in the record that some of claimants' customers, on occasion, would "call in" orders for merchandise directly to the office order board for which claimants received full commissions. Although sales meetings were sometimes held on the premises and sometimes at a hotel or motel, sales managers directed all such meetings and handed out sales materials to claimants thereat. Under such circumstances, we conclude that there was ample evidence before the board to justify its conclusion that claimants were employed at the same establishment as the striking union employees and its determination, therefore, must be upheld.

The decision should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN and LARKIN, JJ., concur.

Decision affirmed, without costs.