◼ In the Matter of the Claim of BERTRAM DRASSENOWER, et al., Appellants. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 1974, which affirmed a decision of a referee sustaining initial determinations of the Industrial Commissioner that claimants' benefit rights were to be suspended for seven consecutive weeks. Claimants are members of the International Association of Machinists, Local 1056, who were idled because of a strike against Trans World Airlines by its flight attendants represented by the Airline Stewards and Stewardesses Association of the Transport Workers Union of America. Although admittedly non-participants in the strike, claimants were nonetheless laid off when Trans World Airlines curtailed its operations as a result thereof, and since their loss of employment was thus triggered by an industrial controversy in the establishment in which they were employed, the board found subdivision 1 of section 592 of the Labor Law applicable to their situation and affirmed the seven weeks suspension of their benefit rights as expressly provided in that statute. Seeking to overturn the board's decision on this appeal, claimants argue that subdivision 1 of section 592 of the Labor Law violates the due process and equal protection clauses of the Federal and State Constitutions, that it does not require the temporary suspension from benefits of nonparticipants as well as participants in an industrial controversy, and that, as interpreted

by the board, it is void as contrary to public policy. We cannot agree. With regard to the constitutionality of the statute in question, both subdivision 1 of section 592 of the Labor Law and a similar earlier statute, former section 504 of the Labor Law, have been the subject of repeated constitutional attacks over a period of many years. That these attacks have proved unavailing *(Matter of George [Catherwood]*, 14 NY2d 234; *Chamberlin, Inc. v Andrews,* 271 NY 1, affd 299 US 515; *Matter of Kelly [Catherwood]*, 33 AD2d 830, affd 29 NY2d 877), is testimony to the soundness of the statutory provision challenged herein and strongly supportive of its continued existence. Moreover, we have seen no evidence of recent developments which would suggest the need for a change in the State's long-established policy of standing aside for a time from labor disputes "to avoid the imputation that a strike may be financed through unemployment insurance benefits" *(Matter of Burger [Corsi],* 277 App Div 234, 236, affd 303 NY 654), and it is our opinion that to require employers to subsidize wages lost by those on strike or locked out "would subvert the delicate balance of power existing between labor and management upon which the collective bargaining process depends" *(Matter of Kelly, supra,* p 831). Claimants' remaining contentions are likewise without merit. It is well-settled law that both strikers and nonparticipating employees within a struck establishment are subject to a suspension from unemployment insurance benefits *(Matter of George, supra; Matter of Ferrara [Catherwood],* 10 NY2d 1). As to the public policy of this State, it is determined by the Legislature and was determined in 1935 by the enactment of the statute in question here, which remains the public policy of this State until such time as the Legislature sees the need for a change *(Farrington v Pinckney,* 1 NY2d 74). Decision affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.