■ In the Matter of the Claims of JANET P. FALCO-WARD et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss J. Appeal from decisions of the Unemployment Insurance Appeal Board, filed February 3, 1986, which ruled that claimants were not entitled to the accumulation of benefit rights during the time period that they lost their employment due to an industrial controversy in the establishment in which they were employed.

Claimants are employed as flight attendants by Pan American World Airways, Inc. (Pan Am) and are members of the Independent Union of Flight Attendants, with a home base at John F. Kennedy International Airport (JFK). On February 28, 1985, members of the Transport Workers Union (TWU) employed by Pan Am went on strike. The facilities at JFK were affected and, most significantly the Worldport terminal building, where flight attendants normally reported prior to

each flight, was picketed. Although claimants did not strike, by mailgram dated March 2, 1985, Pan Am placed claimants on furlough pending the outcome of the strike. Pan Am, however, continued flights both into and out of JFK during the course of the strike, which ended March 27, 1985. After a hearing, an Administrative Law Judge determined that claimants' unemployment benefits were suspended pursuant to Labor Law § 592 (1) since their loss of employment was due to an industrial controversy in the establishment in which they worked. The Unemployment Insurance Appeal Board affirmed, noting that two of the claimants on medical leave during the strike period were also suspended.

On this appeal, our sole inquiry is whether the record substantiates the Board's conclusion that claimants were employed in the same establishment as the striking employees *(see, Matter of Sierant [Catherwood—General Mills]*, 24 NY2d 675, 679). Labor Law § 592 (1) provides for the suspension of benefits to employees, including nonparticipants, whose employment is curtailed due to a strike *(see, Matter of Drassenower [Levine]*, 48 AD2d 957, *appeal denied* 38 NY2d 709, *appeal dismissed* 38 NY2d 771, *cert denied* 431 US 953). It is well settled that the term "establishment", as set forth in this statute, delineates the striking employees' immediate geographic situs, not the corporate enterprise *(Matter of Ferrara [Catherwood]*, 10 NY2d 1; *Matter of Di Lella [Levine]*, 48 AD2d 91). Claimants essentially maintain that the geographic situs of their employment is not Worldport as determined by the Board, but the Pan Am aircraft on which they work. Claimants emphasize that their actual work is performed on the aircraft with only limited ministerial activities at Worldport. Since the strike did not extend to the aircraft, tarmac and runways, as evidenced by Pan Am's continued flight operations, claimants assert that there was no industrial controversy at the establishment in which they worked. Claimants concede, however, that they ordinarily check in at Worldport for assignments and preflight briefings. Moreover, passengers and crew board Pan Am's airplanes by means of jetways connecting Worldport with the airplanes. Given these contacts, we find that the record provides substantial evidence for the Board's decision that Worldport is included in the establishment in which claimants are employed, and its determination, therefore, must be upheld *(see, Matter of Di Lella [Levine]*, supra, at 93). With respect to the claimant on sick leave prior to the TWU strike, and the claimant who obtained pregnancy leave shortly after the strike commenced, we find

that the Board properly determined that their benefits were also suspended by the strike *(see, Matter of Birkmeyer v General Motors Corp.,* 272 App Div 855).

Decisions affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.