In the Matter of the Claim of LISA H. SPANGLER, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 353]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 2002, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After being laid off from her job in September 2001, claimant enrolled as a student at a local community college. She applied for and received unemployment insurance benefits during this time. While taking classes, claimant participated in a work study program under which she provided her class notes to assist a disabled student and, in return, received compensation. She did not report this as income when she certified for benefits. The Department of Labor subsequently issued an initial determination finding that claimant was ineligible to receive benefits because she was not totally unemployed. In addition, she was charged with a recoverable overpayment of benefits in the amount of $2,619 and her right to receive future benefits was reduced by 92 days. This determination was upheld by an Administrative Law Judge following a hearing, and later by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm. An individual's participation in a college work study program for which he or she receives remuneration has been held to constitute employment for purposes of determining eligibility for unemployment insurance benefits (*see Matter of Kanter [Hartnett]*, 173 AD2d 1048, 1048 [1991]; *Matter of Richman [Ross]*, 67 AD2d 746, 747 [1979], *lv denied* 46 NY2d 711 [1979]). Although claimant testified that she took the notes as part of her own studies, it is undisputed that she was paid $7 per hour for providing these notes to the disabled student and received a check every other week. In addition, as part of the work study arrangement, she was required to complete various forms, including a work study and authorization form, an employment eligibility verification form, a W-4 form and an employee's withholding allowance certificate. Consequently, substantial evidence supports the Board's finding that she was not totally unemployed.

Likewise, substantial evidence also supports the Board's assessment of a recoverable overpayment pursuant to Labor Law § 597 (4). Claimant testified that she received and read the unemployment insurance benefit booklet advising her that "[a]n activity that brings or may bring in . . . income must be reported." Based upon her failure to disclose her work study income until after she received a W-2 form, the Board could reasonably conclude that she made a false statement to obtain benefits, even if it was unintentional (*see Matter of Allen [Commissioner of Labor]*, 100 NY2d 282, 289 [2003]; *Matter of Alm [Commissioner of Labor]*, 302 AD2d 777, 779 [2003]). Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.