■ In the Matter of the Claim of Anthony J. Reardon, Appellant. Commissioner of Labor, Respondent. [790 NYS2d 782]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 15, 2003, which, inter alia, suspended claimant's right to receive unemployment insurance benefits effective February 7, 2003 through March 27, 2003 because he lost his employment due to an industrial controversy.

Claimant, a unionized employee, worked as a route salesperson for a baking goods company. As a result of the company's plan to downsize its operations and to eliminate 30 jobs, the union called a strike in February 2003 that lasted eight weeks. Claimant participated in the strike, fearing that his job would be eliminated due to his low seniority. Prior to the conclusion of the strike, however, the company offered a severance package to certain employees which resulted in claimant retaining his job and returning to work on April 7, 2003.

Claimant applied for unemployment insurance benefits during the strike and represented that he had lost his employment due to a lack of work. He was initially awarded benefits, but they were subsequently suspended on the ground that he lost his employment due to an industrial controversy within the meaning of Labor Law § 592 (1). He was also charged with a recoverable overpayment of benefits and his right to receive future payments was reduced by eight days because he made a willful misrepresentation to obtain benefits. Claimant now appeals.

We affirm. It is undisputed that claimant did not work between February 17, 2003 and March 30, 2003 because he was participating in a strike. Thus, substantial evidence supports the suspension of claimant's benefits pursuant to Labor Law § 592 (1) because he lost his employment due to an industrial controversy (*see Matter of Miller [New York Shipping Assn.—Hudacs]*, 183 AD2d 1089, 1090 [1992]). As to the finding of willful misrepresentation, claimant maintained that his production manager advised him during the strike that he had been fired and that, when he called in to apply for benefits, he was not informed that a strike was an option for reporting the reason for his separation. Nevertheless, the record reflects that claimant was aware that he lost his employment due to an industrial controversy and that his statement that his employment terminated due to lack of work was, therefore, false. Under

these circumstances, claimant was properly charged with a forfeiture penalty of eight benefit days and a recoverable overpayment of benefits (see Labor Law § 597 [4]; *Matter of Spangler [Commissioner of Labor]*, 7 AD3d 848, 849 [2004]; *see also Matter of Winkler [Levine]*, 50 AD2d 978, 979 [1975]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.