■ In the Matter of the Claim of LES JUNCAJ, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 768]—

Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2004, which, inter alia, suspended claimant's right to receive unemployment insurance benefits because he lost his employment due to an industrial controversy.

Claimant, a unionized employee, worked as a general helper performing maintenance on a fleet of delivery trucks for his employer, a baked goods company. His union called for a strike in response to the employer's plan to downsize its operations. Claimant participated in the strike and, although he expected to be laid off, was retained at the conclusion of the strike.

Nevertheless, claimant applied for and received unemployment insurance benefits during the strike, representing in his application that his separation from employment was due to the elimination of his position. Subsequently, the Unemployment Insurance Appeal Board suspended claimant's benefits on the ground that his separation from employment was the result of an industrial controversy. Claimant was charged with a recoverable overpayment pursuant to Labor Law § 597 (4), and his right to receive future benefits was reduced by eight days because of his willful misrepresentation of the reason for his loss of employment. Claimant now appeals.

The record reflects that claimant did not work from February 7, 2003 through March 26, 2003 because he was participating in the strike. Thus, substantial evidence supports the Board's determination suspending benefits on the ground that claimant lost his employment due to an industrial controversy (*see* Labor Law § 592 [1]; *Matter of Reardon [Commissioner of Labor]*, 16 AD3d 859, 860 [2005]). Moreover, claimant's position was not eliminated prior to or during the strike and, indeed, claimant was advised by both his union and his employer that participating in the strike might affect his eligibility for unemployment benefits and that he should disclose all of the circumstances surrounding his unemployment. Nonetheless, in his application for benefits, claimant stated that his loss of employment was due to the elimination of his position and he did not disclose that there was an ongoing industrial controversy in which he was participating. Under these circumstances, the Board's determination that claimant was chargeable with a recoverable overpayment of benefits, as well as a forfeiture of eight days of future benefits, was proper (*see* Labor Law § 597 [4]; *Matter of Reardon [Commissioner of Labor]*, supra at 861; *Matter of Spangler [Commissioner of Labor]*, 7 AD3d 848, 849 [2004]; *see also Matter of Runco [Commissioner of Labor]*, 23 AD3d 776 [2005] [decided herewith]).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.