■ In the Matter of the Claim of COREY N. YAMAMURA, Appellant. COMMISSIONER OF LABOR, Respondent. [974 NYS2d 672]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed a claim for unemployment insurance benefits in December 2008. He also received training approval pursuant to Labor Law § 599 while he attended Niagara County Community College. As a student, claimant participated in a work study program from January 2009 to May 2009, earning $1,500. He did not, however, report the work performed in the work study program when certifying for weekly unemployment insurance benefits, and he underreported work he performed for two other employers in May 2009 and June 2009. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving unemployment insurance benefits because he was not totally unemployed and further charged him with a recoverable overpayment and reduced his right to receive future benefits upon a finding that he had made a willful false statement to receive benefits.* This appeal ensued and we affirm.

Inasmuch as "[a]n individual's participation in a college work study program for which he or she receives remuneration has been held to constitute employment for purposes of determining eligibility for unemployment insurance benefits" (*Matter of Spangler [Commissioner of Labor]*, 7 AD3d 848, 849 [2004]; *see Matter of Casiano [Commissioner of Labor]*, 108 AD3d 892, 893-894 [2013]), the Board's determination that claimant was not totally unemployed and therefore ineligible to receive benefits is supported by substantial evidence. Regarding whether claimant made a willful misrepresentation, the record reflects that claimant certified for weekly benefits during the time period of January 2009 to May 2009 and reported total unemployment despite participating in a work study program earning $1,500

---

* At the hearing, claimant withdrew any challenge to the recoverable overpayment attributable to his employment outside of the work study program.

during that time. Although claimant argues that, as part of his 2008 application for training approval, he did inform the Department of Labor (hereinafter DOL) of his anticipated participation in the work study program in 2009, he thereafter admittedly failed to follow the weekly reporting requirements when certifying for benefits. As to claimant's contention that he was confused as to the reporting requirements, the record establishes that he was provided a copy of the DOL handbook that clearly advises that you must report "all the work that you perform" and "[a]ny activity" bringing in income must be reported. Further, as to claimant's excuse that he was provided misinformation from a DOL representative regarding having to report work study employment, contrary testimony was given by that representative, which created a credibility issue for the Board to resolve (*see Matter of Gullotti [Commissioner of Labor]*, 107 AD3d 1220, 1221 [2013]; *Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d 1183, 1184-1185 [2012]). Under these circumstances, substantial evidence supports the Board's conclusion that claimant made willful false statements regarding his employment in order to receive benefits (*see Matter of Nebel [Commissioner of Labor]*, 108 AD3d 1007, 1008 [2013]; *Matter of Smith [Commissioner of Labor]*, 107 AD3d 1287, 1288 [2013]; *Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d at 1184-1185).

Peters, P.J., Stein, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.