Matter of Parron (Commissioner of Labor) (2018 NY Slip Op 01696)





Matter of Parron (Commissioner of Labor)


2018 NY Slip Op 01696


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525380

[*1]In the Matter of the Claim of LOUIS B. PARRON, Appellant. VERIZON NEW YORK, INC., Respondent. COMMISSIONER OF LABOR, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Egan Jr., Mulvey, Aarons and

 Pritzker, JJ.

Louis B. Parron, Clinton, New Jersey, appellant pro se.
Seyfarth Shaw LLP, New York City (Howard M. Wexler of counsel), for Verizon New York, Inc., respondent.
Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2016, which suspended claimant's right to receive unemployment insurance benefits effective April 14, 2016 through June 1, 2016 because he lost his employment due to a strike or other industrial controversy.
Claimant, a central office technician for the employer, a telecommunications company, worked at the employer's 37th Street location in New York City. After his union announced a strike, to begin on April 13, 2016, claimant's work location was closed
and workers were advised to report to nearby consolidated locations where there were supervisors and access to the employer's systems, and travel allowances were provided. Notwithstanding this, claimant reported to the 37th Street location to work on his next scheduled workday, April 14, 2016, but was advised that no business was being conducted at that location due to the strike and that he should report to the Garden City location, which he refused despite advisement by a senior manager that his work location was in Garden City during the strike until further notice. Claimant reported to the 37th Street location for work on April 15, 2016 and again the next day, when he was told by security to leave that closed work site. Claimant did not thereafter report for work until the strike ended on June 1, 2016. Claimant applied for, and was [*2]denied, unemployment insurance benefits effective April 14, 2016 for seven weeks, pursuant to Labor Law § 592 (1). After a hearing, an Administrative Law Judge affirmed and, on appeal, the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.
We affirm. Pursuant to Labor Law § 592 (1), unemployment insurance benefits are suspended during the first consecutive seven weeks of a strike or industrial controversy beginning the day after a claimant ceases working due to a strike, unless there has been a peremptory lockout by the employer (see Matter of Juncaj [Commissioner of Labor], 23 AD3d 777, 778 [2005]; Matter of Reardon [Commissioner of Labor], 16 AD3d 859, 860 [2005]; Matter of Miller [New York Shipping Assn.-Hudacs], 183 AD2d 1089, 1090 [1992]; Matter of Falco-Ward [Roberts], 129 AD2d 929, 930 [1987]; Matter of Drassenower [Levine], 48 AD2d 957, 958 [1975], appeal dismissed 38 NY2d 771 [1975], lv denied 38 NY2d 709 [1976], cert denied 431 US 953 [1977]; see also Matter of Goodman [Barnard Coll.-Commissioner of Labor], 95 NY2d 15, 20 [2000]). The record reflects that claimant did not work during the relevant period due to the strike, and that he refused his manager's directive to report to an alternate work site that was open, staffed by supervisors and operational during the strike. Thus, substantial evidence supports the Board's determination to suspend his benefits pursuant to Labor Law § 592 (1) (see Matter of Juncaj [Commissioner of Labor], 23 AD3d at 778; Matter of Reardon [Commissioner of Labor], 16 AD3d at 860). The record also demonstrates that the employer did not, at any point, institute a work stoppage or lockout preventing employees from working but, rather, the union initiated the strike and work stoppage, in which claimant participated. Further, as the Board correctly determined, the employer's decision to consolidate operations due to the strike and to temporarily assign claimant to a nearby work site did not constitute a "lockout[]" (Labor Law § 592 [1]), which only occurs upon "the refusal by an employer to furnish available work to [its] regular employees" (Matter of Weis [Catherwood-General Motors Corp.], 28 NY2d 267, 272 [1971] [internal quotation marks and citation omitted]).
McCarthy, J.P., Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.