■ In the Matter of the Claim of JOHN A. BLACKMORE, Appellant. COMMISSIONER OF LABOR, Respondent. [673 NYS2d 232] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 12, 1996, which, *inter alia*, ruled that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed.

After claimant's former employment ended under nondisqualifying circumstances, he applied for and collected unemployment insurance benefits. While receiving these benefits, claimant incorporated his own business, of which he was president and sole shareholder. Claimant thereafter performed various services on behalf of the corporation, including writing checks and making deposits in the corporate bank account. Although claimant listed himself as employed on a few days when he had done some paid work on a per-diem basis, he did not disclose his connection with the newly-formed corporation nor the activities he performed for it that did not involve remuneration. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he was not totally unemployed at the time he received them and charged him with a recoverable overpayment based on its finding that claimant made willful misrepresentations in order to obtain benefits. There is substantial evidence to support this determination and we accordingly affirm.

This Court has previously held that "a claimant who is a principal in an active corporation is not totally unemployed, even if the corporation is unprofitable" (*Matter of Giocoli [Sweeney]*, 246 AD2d 936, 937; *see, Matter of Song [Hudacs]*, 205 AD2d 820). The record also supports the Board's conclusion that claimant made willful false statements to obtain benefits, given the fact that claimant had received instruction on what constitutes employment and self-employment prior to the incorporation of the business (*see, Matter of Krause [Hartnett]*, 174 AD2d 867). Contrary to claimant's assertions, he was required to disclose all pertinent information and it was not the responsibility of the claims examiners to make inquiries concerning the nature and extent of claimant's business activities (*see, Matter of O'Leary [Roberts]*, 93 AD2d 915, 916).

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.