■ In the Matter of the Claim of RICHARD A. STASKO, Appellant. COMMISSIONER OF LABOR, Respondent. [690 NYS2d 781] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 23, 1998, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant's former employment ended under nondisqualify-ing circumstances and, the week before he filed an original claim for unemployment benefits, he and two other individuals incorporated a computer consulting and resale business of which claimant was president and a one-third shareholder. Claimant invested $7,000 to start the business, used his home address as the corporate address, had his name listed on business cards and was named as a signatory on the corporate checking account. Claimant's purchases and expenses related to the business were reimbursed by the corporation. Claimant also attended educational seminars in furtherance of the business during the applicable period and made sales calls and presentations to potential clients. The Unemployment Insurance Appeal Board ultimately found claimant ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed. Claimant was also charged with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that claimant had made willful false statements to obtain benefits.

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (*see, Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815), as well as the separate finding of willful misrepresentation (*see, Matter of Le Pore [Sweeney]*, 248 AD2d 783, 784; *Matter of Murak [Sweeney]*, 244 AD2d 751, 752). Although claimant maintains that his activities on behalf of the active corporation during the applicable time period were neither extensive nor profitable, "this does not preclude a finding that claimant was not totally unemployed and that [he] stood to gain financially from the continued operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950; *see, Matter of Breitrose [Commissioner of Labor]*, 253 AD2d 930). The remaining contentions advanced by claimant have been examined and found to be unpersuasive. Contrary to claimant's assertion, the record

indicates that he was properly notified of his rights with respect to attorney representation and the production of evidence and witnesses.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.