■ In the Matter of the Claim of MARY A. ALM, Appellant. COMMISSIONER OF LABOR, Respondent. [754 NYS2d 779] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 3, 2000, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits for certain dates because she was not totally unemployed.

Claimant, a licensed massage therapist, applied for and obtained partial unemployment insurance benefits in October 1997 when the physical therapy business where she worked as a massage therapist experienced a lack of work. On her initial application for benefits, she answered affirmatively the question of whether she was engaged in activity which "brings in or may bring in income" and was asked to fill out a business principal questionnaire; she did so, indicating that in addition to her part-time employment, she engaged in freelance massage therapy, using a local massage therapy center where she rented space on an as needed basis and for which she was paid by clients as services were rendered. Thereafter, in certifying for weekly benefits, she reported to the local unemployment insurance office the dates on which she performed freelance massages and the dates she worked for her physical therapist employer, until that part-time employment ceased in April 1998. Thereafter, she reported the intermittent dates on which she performed freelance massage services and did not receive benefits for those dates. Throughout this time, claimant continued to seek full-time employment. Following an investigation, the Department of Labor concluded in December 2000 that claimant had not reported all activity related to her work as a freelance massage therapist and that she was not totally unemployed 21 days in 1998 on which she had certified that she was not working and for which she had received benefits. The Department also found that she had made willful false statements when certifying for benefits, holding her liable for $542.50 in overpayments and reducing her right to future benefits by 80 days.

On claimant's appeal following de novo hearings in 2001 before an Administrative Law Judge (hereinafter ALJ), the Unemployment Insurance Appeal Board determined that for 17 days of the 21 dates in issue claimant was not totally unemployed as she had engaged in activities related to her provision of freelance massage therapy services, such as depositing checks from clients and writing checks for books and workshops, and that she had made willful misrepresentations to obtain benefits. The Board referred the matter of the amount of overpayments (*see* Labor Law § 597 [4]) and the penalty to the Department for recalculation. Claimant now appeals.

By statute, to be entitled to unemployment insurance benefits, claimants must be "totally unemployed" (Labor Law § 591 [1]), meaning "the total lack of any employment on any day" (Labor Law § 522). To that end, self-employment constitutes employment (*see Matter of Bruckner [Levine]*, 50 AD2d 647, 648) and what constitutes total unemployment is a factual issue for the Board to resolve (*see Matter of McCune [Ross]*, 83 AD2d 659, 660, *appeal dismissed* 54 NY2d 1023), which this Court will not disturb provided it is supported by substantial evidence in the record (*see Matter of Stanton [Commissioner of Labor]*, 291 AD2d 698, 699; *Matter of Gross [Hudacs]*, 195 AD2d 742).

On review, we agree with claimant's contention that her isolated acts of depositing checks from her freelance clients into her personal checking account on days on which she performed no massage therapy services or any other related activity did not constitute employment on that day, i.e., she was totally unemployed on those dates (*see* Labor Law §§ 522, 591). The uncontroverted evidence established that she was not starting up or operating an ongoing business; she had no "doing business as" or business cards and never opened a business bank account or advertised; she performed only intermittent freelance massage services, which she reported; and, for convenience, she merely at a later date—on which no services were performed—deposited the client checks for those services into her personal account along with other personal deposits. Under these circumstances, we conclude that claimant's personal act of depositing checks did not, by itself, constitute work-related activity or activity in furtherance of her freelance activity so as to render her not totally unemployed for those specific dates (*see Matter of Ferber [Sweeney]*, 233 AD2d 823; *cf. Matter of Santo [Commissioner of Labor]*, 274 AD2d 816; *Matter of Bick [Commissioner of Labor]*, 272 AD2d 705; *Matter*

*of DiPietro [Commissioner of Labor]*, 250 AD2d 916, 917; *Matter of Blackmore [Commissioner of Labor]*, 250 AD2d 902; *Matter of Gottwald [Sweeney]*, 216 AD2d 623, 624; *Matter of Chordas [Hudacs]*, 207 AD2d 937; *Matter of O'Leary [Roberts]*, 93 AD2d 915; *Matter of Mantel [Ross]*, 67 AD2d 786).

Claimant also challenges the Board's determination that her activity on specified dates of writing checks drawn on her personal account to pay for workshops and books constituted employment on those dates even though no massage therapy services were rendered. However, even minimal check writing activity to pay business-related expenses, regardless of the profitability of the business activity, supports the finding that claimant was not totally unemployed on the days she wrote the checks in issue and certified she was not working, with one exception (*see Matter of Kesenci [Commissioner of Labor]*, 293 AD2d 803; *Matter of Stanton [Commissioner of Labor]*, *supra* at 698; *Matter of Martz [Commissioner of Labor]*, 273 AD2d 578; *Matter of Bick [Commissioner of Labor]*, *supra*; *Matter of Ours [Commissioner of Labor]*, 268 AD2d 669; *Matter of Kazin [Commissioner of Labor]*, 267 AD2d 581; *Matter of Stasko [Commissioner of Labor]*, 262 AD2d 701; *Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950; *Matter of Blackmore [Commissioner of Labor]*, *supra*; *Matter of Jacobs [Sweeney]*, 221 AD2d 788; *Matter of Gross [Hudacs]*, 195 AD2d 742; *Matter of Shu-Lan Chu [Hudacs]*, 186 AD2d 339, 340; *Matter of Di Giacomo [Hudacs]*, 183 AD2d 1095; *see also Matter of O'Leary [Roberts]*, *supra* at 915-916). With regard to claimant's check writing activity, substantial evidence exists in the record that when she applied for benefits, claimant was provided with the unemployment insurance information handbook explaining the reporting requirements and, shortly thereafter, was instructed to declare any and all activity related to her freelance work, regardless of how little time might be involved, including "purchasing related materials or supplies, writing checks for supplies or rent." Thus, with one exception, we perceive no basis to disturb the Board's determination, based as it is upon substantial evidence in the record, that claimant made willful misrepresentations (*see* Labor Law § 597 [3]), and that she made false statements of fact which, even if unintended, permitted recovery of benefits (*see* Labor Law § 597 [4]; *Matter of Valvo [Ross]*, 57 NY2d 116). The exception to this conclusion is the check written to the "Corner Book Store" on May 23, 1998. The record lacks substantial evidence to support the finding or inference that this particular check related to her freelance activity or massage therapy profession (*see Matter of Masciopinto [Commissioner of Labor]*, 252 AD2d 891, 892; *see also Matter of Di Maria v Ross*, 52 NY2d 771, 772).

We have considered claimant's remaining contentions, including her due process argument, and find they are without merit. Accordingly, this matter should be remitted to the Board for a recalculation of recoverable benefits and penalty based upon the determination herein.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that claimant was ineligible to receive benefits on certain specific dates; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.