■ In the Matter of RICHARD J. HAAS, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [764 NYS2d 657] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He currently resides in Texas. By decision dated May 5, 1997, this Court suspended respondent from practice pending his compliance with an order of the Court directing him to appear before petitioner to be examined under oath and to produce certain records and documents (*Matter of Haas*, 239 AD2d 658 [1997]). He now applies for reinstatement. Petitioner opposes the application.

Because we conclude that respondent has not shown by clear and convincing evidence that he possesses the character and general fitness to resume the practice of law, we deny his application for reinstatement (*see* 22 NYCRR 806.12 [b]).

Cardona, P.J., Mercure, Spain, Mugglin and Rose, JJ., concur. Ordered that respondent's application for reinstatement is denied.

### (September 24, 2003)

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; TODD E. NICOL, Respondent. [764 NYS2d 885] —Per Curiam. Respondent, who was admitted to practice by this Court in 1994, was suspended by this Court's order dated June 7, 1999 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (262 AD2d 701 [1999]).

Respondent has now complied with the registration requirements of Judiciary Law § 468-a and has paid the fees as required by the statute and rules of the Chief Administrative Judge. Petitioner does not object to respondent's instant application for reinstatement.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted, and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.