■ In the Matter of PHILIP D. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [777 NYS2d 771]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed a claim for unemployment insurance benefits on November 21, 2001. He was found ineligible to receive benefits for the period December 3, 2001 through April 28, 2002 because he worked part time as a teacher during this time and was not totally unemployed. Following a hearing, an Administrative Law Judge upheld the finding of ineligibility and also found that he made a willful misrepresentation to obtain benefits, charging him with a recoverable overpayment and reducing his right to receive future benefits. This decision was affirmed by the Unemployment Insurance Appeal Board, resulting in this appeal.

Labor Law § 591 (1) provides that a claimant must be "totally unemployed" to receive unemployment insurance benefits. Total unemployment is defined as "the total lack of any employment on any day" (Labor Law § 522; *see Matter of Alm [Commissioner of Labor]*, 302 AD2d 777, 778 [2003]). In the case at hand, claimant admitted that he worked on a part-time basis as a teacher during the benefit period and that, when he certified for benefits, he represented that he was not working. He further admitted that he received an unemployment insurance information booklet advising him that he was to report any work activity, regardless of how minimal, and that although representatives from a local office advised him that he should report his teaching activities, he declined to do so. Thus, substantial evidence supports the Board's findings that claimant was not totally unemployed (*see Matter of Lake [Commissioner of Labor]*, 308 AD2d 628 [2003]) and that he made a willful misrepresentation to obtain benefits (*see Matter of Shenman [Commissioner of Labor]*, 297 AD2d 852, 853 [2002]; *Matter of Roper [Commissioner of Labor]*, 251 AD2d 884 [1998]). Claimant's assertion that the Board's finding is inconsistent with Labor Law § 160 (3), which generally defines a full day's work as eight hours, does not compel a contrary conclusion as that provision is not part of the unemployment insurance law (*see* Labor Law art 18), which governs in this context.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.