■ In the Matter of the Claim of JAMES T. HURLEY, Appellant. COMMISSIONER OF LABOR, Respondent. [888 NYS2d 301]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 20, 2008, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits effective June 9, 2007 through June 27, 2007 because he was not totally unemployed.

Claimant was awarded unemployment insurance benefits effective April 30, 2007. During a three-week period in June 2007, he worked part time as a dishwasher for a restaurant but did not disclose this fact to the Department of Labor when certifying for benefits. When the restaurant reopened after it had been briefly closed, claimant did not return to work because he was dissatisfied with the number of hours that he had been scheduled to work. Thereafter, he represented when certifying for benefits that he was unemployed due to a lack of work. Following extended proceedings, the Unemployment Insurance Appeal Board upheld the Department's first determination finding that claimant was ineligible to receive benefits effective June 9, 2007 through June 27, 2007 because he was not totally unemployed, charging him with a recoverable overpayment of benefits and reducing his right to receive future benefits due to his willful misrepresentations to obtain benefits. In addition, the Board upheld the Department's second determination find-

ing that claimant was disqualified from receiving benefits, effective June 22, 2007, because he voluntarily left his employment without good cause, charging him with a recoverable overpayment of benefits and reducing his right to receive future benefits given his willful misrepresentations to obtain benefits. Claimant now appeals.

We affirm. In view of claimant's admission that he did not disclose to the Department his employment at the restaurant during a portion of the time that he certified for benefits, and given that benefits are payable only to claimants who are "totally unemployed" (Labor Law § 591 [1]; *see* Labor Law § 522; *Matter of Smith [Commissioner of Labor]*, 8 AD3d 744, 745 [2004]), substantial evidence supports the Board's decision finding claimant ineligible to receive benefits. Similarly, claimant represented to the Department that he was unhappy with his position and chose not to return to the restaurant because he needed to work more hours. Inasmuch as dissatisfaction with working hours has been held not to constitute good cause for leaving one's employment (*see Matter of Smith [Commissioner of Labor]*, 54 AD3d 462 [2008]; *Matter of Encarnacao [Commissioner of Labor]*, 45 AD3d 1145, 1145-1146 [2007]), substantial evidence supports the Board's decision disqualifying claimant from receiving benefits. In addition, the record establishes that, despite having received an unemployment insurance handbook, claimant made patently false statements with respect to not working at the restaurant as well as leaving his job purportedly due to a lack of work. Therefore, the evidence supports the Board's imposition of recoverable overpayments and forfeiture penalties based upon claimant's willful false misrepresentations (*see Matter of Chirico [Commissioner of Labor]*, 49 AD3d 1104, 1105-1106 [2008]). While claimant also asserts that information was missing from his file during proceedings before the Administrative Law Judge, we find no merit to this claim.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.