Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 1, 2012, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
After filing an unemployment insurance claim and receiving benefits, claimant found another job at which he earned $650 per week between November 8, 2010 and December 5, 2010. During this time, he continued to certify for benefits and received $448 in emergency unemployment compensation benefits {see Pub L 110-252, tit iy § 4001 et seq., 122 US Stat 2323) and $100 in federal additional compensation benefits {see 26 USC § 3304). The Department of Labor subsequently determined that he was ineligible to receive such benefits during this time period because he was not totally unemployed, charged him with a recoverable overpayment of $548 and imposed a 32-day forfeiture penalty upon finding that he made willful false statements to obtain benefits. This determination was upheld by an Administrative Law Judge following a hear *989 ing, a decision later affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.
We affirm. At the hearing, claimant admitted certifying for benefits while he was working and indicated that he was willing to pay back the benefits he received. His testimony provides substantial evidence supporting the Board’s decision (see Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [2012]; Matter of Hurley [Commissioner of Labor], 67 AD3d 1153, 1154 [2009]). Claimant maintained that he suffers from a disorder which rendered him unaware of what he was doing or that he was improperly certifying for benefits while working, making his actions unintentional. However, his medical documentation did not substantiate that his mental condition impaired him to this extent, and his testimony presented a credibility issue for the Board to resolve (see Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729-730 [2010]). Claimant’s further assertion that his certification for benefits was the result of identity theft was not raised at the hearing and is not properly before us.
Her cure, J.E, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.