## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 17, 2015                519520

_____

In the Matter of the Claim of
    NILDA E. CASIANO,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.

_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Nilda E. Casiano, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 21, 2013, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits for certain days because she was not totally unemployed.

        After claimant was laid off from her job as a training assistant, she filed a claim for unemployment insurance benefits effective October 30, 2006.  While she was receiving benefits, she worked part time as a case aide for another employer, but failed to disclose this to the Department of Labor when she certified for benefits.  She ultimately resigned from this part-time position on January 21, 2007 because it conflicted with her graduate studies.  Claimant continued to certify for benefits thereafter without informing the Department that she left this job and she received a total of $6,176.25 in benefits as a result.

Subsequently, the Department issued revised initial determinations that found claimant ineligible to receive benefits on certain dates during the period October 30, 2006 through January 28, 2007 because she was not totally unemployed, and charged her with a recoverable overpayment and forfeiture penalty. In addition, the Department disqualified claimant from receiving benefits, effective January 29, 2007, on the basis that she voluntarily separated from her employment without good cause, and charged her with a further recoverable overpayment and forfeiture penalty. Claimant requested a hearing and, when she failed to appear, an Administrative Law Judge issued a default decision sustaining the revised initial determinations. Thereafter, extended additional proceedings ensued during which the default decision was reopened, further hearings were conducted and the revised initial determinations were modified by an Administrative Law Judge. Upon review, the Unemployment Insurance Appeal Board found that claimant was ineligible to receive benefits for seven days during the period October 30, 2006 through November 18, 2006 because she was not totally unemployed, and sustained the modified recoverable overpayment of $810 and forfeiture penalty of 40 effective days upon finding that she made willful misrepresentations. The Board further found that claimant was disqualified from receiving benefits, effective January 22, 2007, on the basis that she voluntarily left her employment without good cause, and charged her with a recoverable overpayment of $6,176.25 based upon her willful misrepresentations. Claimant appeals.

Initially, claimant does not deny that she worked as an aide for the seven days that she was found to lack total unemployment or that she failed to inform the Department that she resigned from this position in January 2007. She asserts, however, that she did not know that she had to report her part-time work or her resignation to the Department when certifying for benefits and, therefore, did not make any willful misrepresentations. We find this argument to be unpersuasive. Claimant received an unemployment insurance handbook advising her that she was required to report any work that she performed when certifying for benefits. In addition, in the training questionnaire she completed in November 2006 while she was performing part-time work, she listed her last job as her prior

position as a training assistant.  It is the province of the Board to make credibility determinations (see Matter of Bal [Commissioner of Labor], 52 AD3d 1122, 1123 [2008]) and, in view of the foregoing, it could reasonably conclude that claimant's failure to report her part-time work or subsequent resignation was not an innocent mistake or mere oversight (see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]). Accordingly, we find no reason to disturb its finding that claimant made willful misrepresentations to obtain benefits or its imposition of recoverable overpayments and forfeiture penalties as a result thereof.

Claimant further argues that she had good cause to resign from her part-time position.  However, leaving a job for academic pursuits does not constitute good cause for leaving one's employment (see Matter of Casiano [Commissioner of Labor], 108 AD3d 892, 893-894 [2013]; Matter of Silberman [Memorial Sloan Kettering Cancer Ctr.—Commissioner of Labor], 17 AD3d 815, 815-816 [2005], lv denied 5 NY3d 713 [2005]).  Thus, we find no basis to disturb the Board's additional finding that claimant was disqualified from receiving benefits.

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court