*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520468
_____

In the Matter of the Claim of
    SHANNON M. CONNERTON,
                    Appellant.

THOUSAND ISLAND CENTRAL SCHOOL
    DISTRICT,                              MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  September 22, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.


_____


        Mackenzie Hughes, LLP, Syracuse (Christian P. Jones of
counsel), for appellant.

        Tim Collens, Jefferson-Lewis BOCES Office of Inter-
Municipal Legal Services, Watertown, for Thousand Island Central
School District, respondent.


_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 16, 2014, which ruled that claimant was
ineligible to receive unemployment insurance benefits because she
was not totally unemployed.

        Claimant, an elementary school teacher, cared for a
coworker's young daughter at various times between September 2011
and June 2012 during a period when she was laid off from her
teaching job.  She did so while she was at home caring for her
own young son and the coworker did not pay her for her services.

During the time that claimant provided childcare for the coworker, she received unemployment insurance benefits. Following extended proceedings addressing claimant's eligibility to receive such benefits, the Unemployment Insurance Appeal Board ultimately ruled that she was ineligible because she was not totally unemployed. Claimant now appeals.

Resolution of this case turns on whether claimant's activities in caring for her coworker's child without compensation while she was laid off constitute a lack of total unemployment rendering her ineligible to receive unemployment insurance benefits. Labor Law § 591 (1) limits eligibility for benefits to those claimants who are "totally unemployed" (see Matter of Alm [Commissioner of Labor], 302 AD2d 777, 778 [2003]), which has been defined as "the total lack of any employment on any day" (Labor Law § 522; see Matter of Smith [Commissioner of Labor], 8 AD3d 744, 745 [2004]). In this context, the term employment contemplates that a claimant will potentially receive some type of monetary payment or future benefit in exchange for services rendered (see e.g. Matter of McCann [Commissioner of Labor], 117 AD3d 1259, 1260 [2014]; Matter of Yamamura [Commissioner of Labor], 111 AD3d 1049, 1049 [2013]; Matter of Gazzara [Commissioner of Labor], 60 AD3d 1226, 1227 [2009]; Matter of Falus [Commissioner of Labor], 276 AD2d 1009, 1010 [2000]; Matter of Solomon [Commissioner of Labor], 256 AD2d 774, 775 [1998]).

Here, it is undisputed that claimant did not receive any compensation for caring for her coworker's son and there is no evidence in the record that she was likely to obtain a future financial benefit for doing so. Consequently, we must conclude that the Board's finding that claimant's activities in this regard amounted to a lack of total unemployment is not supported by substantial evidence (see generally Matter of Masferer [Hudacs], 197 AD2d 763, 764 [1993]; compare Matter of Smith [Ross], 78 AD2d 961 [1980]; Matter of Staheli [Ross], 60 AD2d 670 [1977]). Accordingly, its decision must be reversed.

Lahtinen, J.P., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court