## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   July 28, 2016                    520848
_____

In the Matter of the Claim of
   HOWARD R. SCHWARTZ,
                 Appellant.

                                  MEMORANDUM AND ORDER
  COMMISSIONER OF LABOR,
                Respondent.
_____


Calendar Date:   June 6, 2016

Before:   Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____


      Howard R. Schwartz, Bayside, appellant pro se.

      Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.


_____


      Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 13, 2015, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

      Claimant filed his initial claim for unemployment insurance benefits on January 18, 2011.  Shortly thereafter, he received an unemployment insurance handbook advising him, among other things, that he was required to report part-time work and that he would be entitled to receive partial benefits if he worked less than four days per week and earned less than $405 per week.  While he was collecting benefits, claimant worked part-time as a librarian at a local college during the fall and spring semesters.  He began working in this position in February 2011 and continued to do so for approximately three years.  During this time, he continued to receive benefits based on certifications that he had made both over the telephone and through the Internet.

        The Department of Labor issued initial and revised determinations, covering four separate time periods while claimant worked at the college, finding that he was ineligible to receive benefits because he was not totally unemployed and charging him with recoverable overpayments and forfeiture penalties based on his willful misrepresentations to obtain benefits.  Following extended proceedings, these determinations were ultimately sustained by an Administrative Law Judge.  On appeal, the Unemployment Insurance Appeal Board upheld the Administrative Law Judge's decisions covering three of these time periods and modified the decision covering the remaining time period, but only with respect to the amount of the recoverable overpayment.  Claimant now appeals.

        Claimant challenges the Board's imposition of recoverable overpayments that were based on its finding that he made willful misrepresentations to obtain benefits.  Specifically, claimant contends that it was not clear from the handbook or the certification process that the $405 per week earnings threshold that rendered him ineligible to receive partial benefits was based on gross earnings, as opposed to net earnings after taxes. To the extent that he indicated when certifying for benefits that he did not earn more than $405 per week, he maintains that this was based on his misunderstanding that net earnings were controlling and, therefore, it was an innocent mistake. Significantly, however, the informational handbook received by claimant clearly advised him, "You are not eligible to receive benefits for any week in which you earn over $405 (gross wages) regardless of the number of days worked" (emphasis added).  In addition, although the questions asked during the Internet certification process did not specify gross or net earnings, the ones posed during the telephone certification process referenced gross earnings.  Under these circumstances, the Board could reasonably conclude that, by failing to accurately disclose his weekly earnings during the time periods in question, claimant made willful misrepresentations to obtain benefits (see Matter of Casiano [Commissioner of Labor], 131 AD3d 1306, 1307 [2015]; Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]).  Therefore, we decline to disturb the Board's decisions. To the extent that claimant's other contentions are properly

before us, they have been examined and found to lack merit.

Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court