*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016          521737
_____

In the Matter of the Claim of
    JENNIFER ROBERSON,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Jennifer Roberson, Jamaica, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for respondent.

_____

McCarthy, J.P.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 1, 2014, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

        In November 2012, claimant filed a claim for unemployment insurance benefits and began receiving those benefits as well as federally funded emergency unemployment compensation (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323).  Thereafter, the Department of Labor issued initial determinations that found claimant ineligible to receive unemployment insurance benefits because she was not totally unemployed during the time that she received benefits and disqualified her from receiving unemployment insurance benefits because she had left that

employment without good cause.  The determinations charged her with a recoverable overpayment of the different benefits that she received and also imposed a forfeiture and civil penalties for her willful misrepresentations pursuant to Labor Law § 594. Following a hearing, an Administrative Law Judge sustained the Department's initial determinations.  Ultimately, the Unemployment Insurance Appeal Board affirmed, finding that claimant was not totally unemployed while receiving benefits, that she had voluntarily left that employment without good cause and that the recoverable overpayments and penalties imposed were appropriate.  Claimant now appeals.

We affirm.  Initially, "Labor Law § 591 (1) limits eligibility for benefits to those claimants who are 'totally unemployed'" (Matter of Connerton [Thousand Is. Cent. Sch. Dist.—Commissioner of Labor], 132 AD3d 1210, 1210-1211 [2015], quoting Matter of Alm [Commissioner of Labor], 302 AD2d 777, 778 [2003]), which is defined as "the total lack of any employment on any day" (Labor Law § 522; see Matter of Brown [Erie 2 Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs.—Commissioner of Labor], 133 AD3d 1146, 1146 [2015]; Matter of Smith [Commissioner of Labor], 8 AD3d 744, 745 [2004]).  "[W]hether a claimant is totally unemployed for purposes of receiving unemployment insurance benefits is a factual question for the Board and its determination will be upheld if supported by substantial evidence" (Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039 [2015], lv dismissed 26 NY3d 953 [2015]; see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]).  The record evidence adduced at the hearing, including claimant's own testimony, establishes that, while receiving unemployment insurance benefits, she worked as a line worker at a retail store on January 22, 23 and 24, 2013.  Accordingly, substantial evidence supports the decision of the Board that claimant was not totally unemployed on those days and therefore ineligible to receive unemployment insurance benefits during that time (see Matter of Casiano [Commissioner of Labor], 131 AD3d 1306, 1307 [2015]; Matter of Hurley [Commissioner of Labor], 67 AD3d 1153, 1154 [2009]).

Similarly, substantial evidence supports the Board's finding that claimant was employed and left that employment

without good cause. Whether a claimant has good cause to leave his or her employment so as to qualify for unemployment insurance benefits is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence" (Matter of Sciortino [Salina Free Lib.—Commissioner of Labor], 129 AD3d 1415, 1416 [2015]; see Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014]). "Moreover, '[i]ssues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board'" (Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014], quoting Matter of Lowman [Commissioner of Labor], 101 AD3d 1282, 1283 [2012]). It is not disputed that, after working at a retail store on January 22, 23 and 24, 2013, claimant informed the store's manager by telephone that she would no longer work there. In January 2014, the Department sent claimant a questionnaire requesting information regarding the reasons why she had left her employment at the retail store; claimant failed to respond to the Department's request for information (see 12 NYCRR 473.3 [c]; Matter of Ianni [Catherwood], 15 AD2d 593, 593 [1961]). Moreover, although claimant testified that she had a medical condition in January 2013 that limited her ability to perform the job duties required of her at the retail store, the Board credited the evidence indicating that she did not notify either her employer or the Department of her purported medical condition at that time (see Matter of Estrada [Commissioner of Labor], 261 AD2d 760, 760 [1999]; Matter of Wesley [Commissioner of Labor], 254 AD2d 593, 593 [1998]; cf. Matter of Brewton [Commissioner of Labor], 118 AD3d 1049, 1051 [2014]).

As for the Board's finding that claimant made willful misrepresentations to obtain benefits, at the time that claimant filed her claim, she was advised by a Department representative that she was required to read all information in a handbook that she received from the Department regarding the receipt of benefits. Inasmuch as claimant certified for benefits for the week ending January 26, 2013 and did not inform the Department at that time that she had worked in the retail store for three days or that she had left that employment, we see no reason to disturb the Board's finding that she had made a willful misrepresentation to obtain benefits subjecting her to recoverable overpayments as

well as forfeiture and civil penalties (see Labor Law § 594; Matter of Shuman [Commissioner of Labor], 135 AD3d 1284, 1285 [2016]; Matter of Casiano [Commissioner of Labor], 131 AD3d at 1307; Matter of Robinson [Commissioner of Labor], 125 AD3d at 1040).

Garry, Devine, Clark and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court