■ In the Matter of the Claim of CARLOS E. MALDONADO, Appellant. COMMISSIONER OF LABOR, Respondent. [54 NYS3d 757]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 26, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause, and (2) from a decision of said Board, filed October 30, 2015, which denied claimant's application for reopening and reconsideration.

Claimant, an adjunct college professor, was hired to teach a mathematics course during the September 2014 semester. When students from the class complained to the Dean at the college about the fast pace at which claimant was teaching, the Dean and his assistant coordinator, who had observed claimant teach a class, met with claimant and emphasized that the scope and pace of the course curricula should be adjusted so as to ensure that the students understood the material. Claimant resigned the next day, as he considered the change to be contrary to the syllabus that had been distributed to the students, and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. The Board denied claimant's subsequent application to reopen and reconsider its prior decision. These appeals ensued.*

We affirm. "An employee's dissatisfaction with the employer's method of doing business, a matter which had no apparent negative impact on the employee, does not constitute good cause for leaving employment" (*Matter of Ferreira [Commissioner of Labor]*, 84 AD3d 1609, 1610 [2011] [citations omitted]). According to the Dean's testimony, and as noted in the course syllabus, it was the employer's policy that not all of the

* Claimant does not raise any issue in his brief with regard to the Board's denial of his application to reopen and reconsider and, as such, has abandoned any claims in relation thereto (*see Matter of Denes [Commissioner of Labor]*, 147 AD3d 1144, 1147 n 3 [2017]).

outlined course material would necessarily be covered during the semester, as depth of the material was more important than breadth. That claimant felt compelled to adhere to the syllabus and disagreed with the manner in which the employer directed him to perform his work does not, under these circumstances, constitute good cause for leaving employment (*see Matter of Manelli [Levine]*, 49 AD2d 984, 984 [1975]). Any conflict in the testimony regarding the circumstances leading to claimant's departure created a credibility issue for the Board to resolve (*see Matter of Roberson [Commissioner of Labor]*, 142 AD3d 1259, 1261 [2016]). Finally, to the extent that claimant challenges a recoverable overpayment of benefits, no such finding appears in the Board's decisions and, therefore, it is not properly before us on these appeals.

Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ., concur. Ordered that the decisions are affirmed, without costs.