■ In the Matter of the Claim of GERALD C. MCCLAMMY, Appellant. STCR BUSINESS SYSTEMS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [60 NYS3d 704]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2016, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a technical account manager, a position that required regular travel to the employer's business customers. Claimant informed his supervisor that he no longer wanted to travel and unsuccessfully sought a position in the company that would not require it. Claimant then met with his supervisor and the employer's controller, reiterating that he no longer wished to travel; he was advised in return that there

were no such positions available and none would be created. The controller assured claimant that he was not being discharged, concluded their meeting by stating "we're done" and returned to his office. Claimant then packed up his personal belongings at his desk and told his supervisor, who was on the way to his own desk nearby, that "unfortunately it's not gonna work out." Claimant left the building, did not return and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. Claimant appeals.

We affirm. In our view, substantial evidence supports the Board's factual determination that claimant voluntarily left his employment without good cause while continuing work was available (*see Matter of Skura [Commissioner of Labor]*, 116 AD3d 1330, 1331 [2014]; *Matter of Roth [Commissioner of Labor]*, 108 AD3d 906, 907 [2013]). Dissatisfaction with work schedules, job responsibilities and terms of employment does not constitute good cause for leaving one's employment (*see Matter of Davis [Commissioner of Labor]*, 148 AD3d 1367, 1368 [2017]; *Matter of Flint-Jones [Federal Reserve Bank of N.Y.— Commissioner of Labor]*, 144 AD3d 1288, 1289 [2016]; *Matter of Tineo [Commissioner of Labor]*, 117 AD3d 1307, 1308 [2014]). The conflicting testimony over the circumstances leading to claimant's departure and the inferences to be drawn therefrom created a credibility issue for the Board to resolve (*see Matter of Maldonado [Commissioner of Labor]*, 150 AD3d 1512, 1513 [2017]; *Matter of Roberson [Commissioner of Labor]*, 142 AD3d 1259, 1261 [2016]). Claimant's remaining contentions, to the extent that they are preserved for our review, lack merit.

Peters, P.J., Garry, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the decision is affirmed, without costs.