Matter of Tanasa (Commissioner of Labor) (2018 NY Slip Op 05651)





Matter of Tanasa (Commissioner of Labor)


2018 NY Slip Op 05651


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

525955

[*1]In the Matter of the Claim of GHEORGHE TANASA, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Gheorghe Tanasa, Las Vegas, Nevada, appellant pro se.



MEMORANDUM AND ORDER COMMISSIONER OF
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 2017, which denied claimant's application to reopen and reconsider a prior decision.
By decision filed January 27, 2017, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits because he voluntarily left his employment as a restaurant and banquet server without good cause. Claimant applied to the Board to reopen and reconsider its decision within 30 days and, by decision filed April 26, 2017, the Board denied claimant's application. Claimant appeals.[FN1]
We affirm. Whether a person has left employment without good cause "is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence" (Matter of Kolesar [Nuwer's Auto Parts Inc.-Commissioner of Labor], 161 AD3d 1467, 1468 [2018]). Claimant worked as both a banquet and a restaurant server in the employer's hotel resort. On May 30, 2016, claimant was working as a restaurant server and got into an argument with a coworker after claimant announced that he was leaving work early; claimant thereafter left work before the end of his shift without obtaining the required permission from his supervisor, who advised claimant that he had work to complete during that shift. The supervisor and maître d' reminded claimant that he could not be the first server to leave early that night under the employer's rule governing the priority with which servers are permitted to leave early. Claimant told the supervisor that he was "quitting" and "not coming back," left the premises and then returned and turned in his computer access card assigned to him as a restaurant server. Claimant was not included on the next work schedule and was later informed that, as he had quit his job, he was not permitted to return.
We find that substantial evidence supports the Board's determination that claimant voluntarily quit his job with the employer without good cause when continuing work was available (see Matter of McClammy [STCR Bus. Sys., Inc.-Commissioner of Labor], 153 AD3d 1550, 1551 [2017]). Claimant quit because he was not permitted to leave early. His dissatisfaction with the employer's policy, of which he was aware, or with his work schedule did not constitute good cause for quitting (see id.; Matter of Davis [Commissioner of Labor], 148 AD3d 1367, 1368 [2017]). Given that claimant told his supervisor that he was quitting, without qualification, and was not returning, turned in his computer access card and left against the supervisor's directive and the employer's policy, the Board rationally concluded that he had abandoned his employment in its entirety, rejecting his claim that he only intended to quit his restaurant server position and not his banquet server position. Although claimant asserted that the maître d' granted him permission to leave early, the maître d' denied doing so, and other employer witnesses testified that only the restaurant supervisor had the authority to do so when present, as she was on the night in issue here. To that end, "[a]ny conflict in the testimony regarding the circumstances leading to claimant's departure created a credibility issue for the Board to resolve" (Matter of Maldonado [Commissioner of Labor], 150 AD3d 1512, 1513 [2017]) and, as the Board's factual decision is supported by substantial evidence, it will not be disturbed.
Moreover, "[w]hether to grant an application to reopen and reconsider a prior decision is a matter committed to the Board's discretion and, absent an abuse of that discretion, the Board's decision will not be disturbed" (Matter of Basil [Commissioner or Labor], 153 AD3d 1547, 1547 [2017]). Upon review of the record and claimant's application, we discern no basis upon which to conclude that the Board abused its discretion in denying that application.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Given that claimant applied to reopen the initial, January 2017 Board decision within 30 days, the merits of that determination are properly before this Court (see Matter of Cieszkowska [Commissioner of Labor], 155 AD3d 1502, 1502 [2017]). While the record reflects that claimant filed subsequent applications to reopen Board decisions, which the Board denied in later decisions, no notices of appeal were filed with respect thereto and, thus, those subsequent decisions are not before this Court.