Matter of Thuy Pham (Sperber, Denenberg & Kahan, PC--Commissioner of Labor) (2019 NY Slip Op 08907)





Matter of Thuy Pham (Sperber, Denenberg & Kahan, PC--Commissioner of Labor)


2019 NY Slip Op 08907


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

529274

[*1]In the Matter of the Claim of Thuy Pham, Appellant. Sperber, Denenberg & Kahan, PC, Respondent. Commissioner of Labor, Respondent.

Calendar Date: November 8, 2019

Before: Garry, P.J., Egan Jr., Clark and Mulvey, JJ.


Thuy Pham, New York City, appellant pro se.
Sperber, Denenberg & Kahan, PC, New York City (Eric H. Kahan of counsel), for Sperber, Denenberg & Kahan, PC, respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant worked as an associate attorney for the employer, a law firm in New York City. In January 2018, she had hip replacement surgery and was granted a medical leave of absence. Prior to the surgery, her legal duties consisted primarily of transactional work, such as real estate closings, that she performed in the employer's office. During the time that claimant was out on medical leave, the employer found it necessary to hire another attorney to handle the transactional work. When claimant returned to work in early May 2018, her legal duties had changed and, during her first week back, she spent most of her time appearing in court at various locations throughout the city. In addition, she scheduled her physical therapy appointments at times during the work day that were not satisfactory to the employer. One week after claimant returned to work, she resigned from her position.
Claimant applied for unemployment insurance benefits and an initial determination was rendered finding her eligible to receive them. The employer objected and, following a hearing, an Administrative Law Judge overruled the initial determination and found that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board upheld this decision and denied claimant's subsequent application for reopening and/or reconsideration. Claimant appeals from the Board's decision disqualifying her from receiving benefits.[FN1]
Claimant argues, among things, that the Board erred in overruling the initial determination finding her eligible to receive benefits. Initially, "[w]hether a claimant has good cause to leave his or her employment so as to qualify for unemployment insurance benefits is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence" (Matter of Roberson [Commissioner of Labor], 142 AD3d 1259, 1260 [2016] [internal quotation marks and citations omitted]; see Matter of Torres [Commissioner of Labor], 111 AD3d 1215, 1215 [2013]). Notably, general dissatisfaction with one's job or work environment does not constitute good cause for leaving one's employment (see Matter of Tsirakis [Commissioner of Labor], 122 AD3d 994, 995 [2014]; Matter of Bielak [Commissioner of Labor], 105 AD3d 1226, 1226 [2013]).
Claimant testified that she returned to work with a cane and had difficulty traveling to court appearances carrying files and using public transportation. She also stated that the employer took issue with her scheduling of physical therapy appointments during the work day and reprimanded her for going to such an appointment on one occasion after she finished a court appearance. According to claimant, she resigned from her position because she was no longer doing the transactional work, which was less physically taxing given her mobility problems, and she perceived the work environment to be hostile considering the employer's attitude toward her physical therapy appointments. Claimant, however, conceded that she never told the employer that she had a medical condition making it hard for her to go to court, and her physician did not indicate that she had any specific medical restrictions. Likewise, representatives for the employer stated that claimant never disclosed that she had any medical restrictions despite their requests for such information. Given the absence of documentation substantiating claimant's medical restrictions (see Matter of Skura [Commissioner of Labor], 116 AD3d 1330, 1331 [2014]) or any indication that the employer had notice of such restrictions and was provided an opportunity to accommodate them (see Matter of Roberson [Commissioner of Labor], 142 AD3d at 1261), substantial evidence supports the Board's finding that claimant left her job for personal and noncompelling reasons. We have considered claimant's remaining contentions and find them to be unpersuasive.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although claimant asserts in her brief that she is also appealing the Board's decision denying her application for reopening and/or reconsideration, she did not file a notice of appeal with respect to this decision.